UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT ASTRAMSKY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 23-2146 |
| | ) |
| **JEFFREY GEISLER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Macon County Jail ("Jail"). (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff files suit against the following Defendants: Circuit Judge Jeffrey Geisler, State's Attorney Timothy Tighe, Macon County Probation Officer Marletta Wilder, Macon County Correctional Officer Greg Gressaman, and Public Defenders Chris Ameno and Kaleb Brown.

Plaintiff alleges Defendant Tighe charged him with aggravated battery with a deadly weapon despite having no proof, detained him for over fourteen months, and deprived him of his right to a speedy trial within 120 days. Defendant Tighe is immune from this lawsuit. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause.").

Plaintiff claims that his public defender, Defendant Ameno, was ineffective. Plaintiff named public defender Kaleb Brown as a Defendant, but he did not include any allegations pertaining to him in the body of his Complaint. Plaintiff cannot sue Defendants Ameno and Brown under § 1983 because they are not acting "under color of state law in exercising [their] professional judgment in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001).

Plaintiff claims that Defendant Wilder, a probation officer, violated his due process rights during a criminal bench trial (Case No. 20-CF-429) on September 14, 2021, because he did not commit any criminal offenses in violation of the conditions of his probation. Plaintiff alleges that Defendant Judge Geisler was biased during the bench trial and defamed his character. Defendants Wilder and Geisler are also immune from this lawsuit. *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998) (probation officers are entitled to absolute immunity from a civil lawsuit for initiating revocation proceedings); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (judicial immunity shields judges from civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction).

Plaintiff alleges that he is innocent, but he cannot challenge the validity of his incarceration in this action. Plaintiff does not specifically ask for release, but his allegations necessarily

challenge the legality of his incarceration. That challenge must first be pursued in Plaintiff's criminal cases, direct appeals in the criminal cases, and then possibly collateral attacks through the federal habeas route. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Finally, Plaintiff alleges that he was abused by Defendant Gressaman, a Correctional Officer at the Macon County Jail, in July 2020. Plaintiff did not include any further allegations about the alleged abuse in his Complaint. Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Plaintiff's Complaint fails to provide this notice.

Plaintiff's Complaint is dismissed without prejudice as barred by *Heck* and for failure to state a claim. The Court will allow Plaintiff one opportunity to file an Amended Complaint within thirty days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint. If Plaintiff fails to file a timely Amended Complaint, his case will be dismissed without prejudice.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint pro bono counsel to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Before appointing counsel, the Court must first determine if Plaintiff made a reasonable attempt to secure counsel on his own, or conversely,

if he has been precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). This typically requires submitting letters from several attorneys declining assistance and copies any documents that show Plaintiff tried to find an attorney. *Olson*, 750 F.3d at 711. Plaintiff attached only two letters from attorneys who declined to represent him. The Court finds that Plaintiff did not make a reasonable attempt to find his own attorney. Plaintiff's Motion to Request Counsel is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of additional letters he sent to or received from prospective counsel and list the attorneys or law firms he contacted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this case will be dismissed without prejudice.**

2) **Plaintiff's Motion to Request Counsel [5] is DENIED.**

3) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:  11/6/2023

s/ James E. Shadid  
James E. Shadid  
United States District Judge